FILED '08 OCT 28 14:43 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRUCE TUERS,

            Plaintiff,         Civil No. 07-6120-TC

         v.                 FINDINGS AND
                                RECOMMENDATION

CHASE MANHATTAN BANK USA,

            Defendant.

COFFIN, Magistrate Judge.

    Plaintiff filed a complaint in the Circuit Court of Oregon for Linn County alleging Truth in Lending Act violations and breach of contract claims against defendant.[1] Defendant removed plaintiff's claims to this court and filed

---

[1]Plaintiff's First Amended Complaint filed May 21, 2008, alleges only breach of contract against defendant.

1 - FINDINGS AND RECOMMENDATION

a counter claim to affirm and enforce an arbitration award against plaintiff.

Defendant now moves for summary judgment (#28).

The relevant facts are as follows: [2] Plaintiff applied for and received a Bank One credit card issued by First USA Bank, N.A., defendant's predecessor in interest on or about January 30, 1998. The card was subject to an Cardmember Agreement which included an arbitration provision and a provision allowing First USA Bank, N.A. to amend the terms of the Cardmember Agreement at any time. Pursuant to the terms of the Cardmember Agreement, plaintiff accepted these terms by using the credit card beginning in November, 1998.

Around October 24, 2003, plaintiff received an amended Cardmember Agreement which contained an amended arbitration agreement. Pursuant to the terms of the Amended Cardmember agreement, plaintiff accepted these terms by continuing to use the credit card.

In March, 2006, plaintiff stopped making monthly payments on his balance due. Pursuant to the arbitration provision then in effect, in November 2006, defendant filed a claim with

_____

[2]As discussed below, plaintiff disputes these facts.

the National Arbitration Forum against plaintiff for the balance owing on his account at that time, plus fees and costs. Plaintiff responded to this claim on November 9, 2006. On February 20, 2007, the arbitrator awarded defendant $12,480.37.

Plaintiff claims that Chase breached the Cardmember Agreement by initiating the arbitration proceeding and obtaining the arbitration award.

Plaintiff acknowledges that he "is not currently in possession of the original contract." First Amended Complaint (#23), p. 2. However, plaintiff contends that 1.) the Cardmember Agreement did not contain an arbitration provision; 2.) the Cardmember agreement did not allow Chase to amend that agreement to add an arbitration agreement, and 3.) even if the Cardmember Agreement allowed such an amendment, plaintiff never received notice of it.

The Declaration of Joette G. Herrera (#31) states that it is has been defendant's "invariable practice" to enclose a Cardmember Agreement in the same envelope in which the credit card itself is mailed and that the Cardmember Agreement sent to plaintiff included an arbitration agreement. See Herrera affidavit (#31), paragraph 5. In addition the "Amendments"

3 - FINDINGS AND RECOMMENDATION

section of the original agreement allowed defendant to amend the terms of the agreement. Id, paragraph 8.

Plaintiff has not submitted any evidence in support of his argument that the Cardmember Agreement did *not* contain an arbitration provision or an amendment provision. Defendant has submitted the Herrera declaration and exhibits thereto that set forth in detail defendant's practices and protocols with respect to the issuance of credit cards. The Herrera declaration (and exhibits) indicate that the original Cardmember agreement received by plaintiff included arbitration and amendment provisions.

Identical circumstances were present in Millan v. Chase Bank USA, N.A., 533 F. Supp. 2nd 1061 (C.D. Cal. 2008) and Carmack v. Chase Manhattan Bank, 521 F.Supp. 2d 1017 (N.D. Cal. 2007). In both Millan and Carmack the courts held that the plaintiff's claims about the lack of an arbitration agreement were "insufficient to dispute the authenticity of the cardmember agreement provided by Chase." Carmack, 521 F. Supp.2d at 1024, and insufficient to defeat motions for dismissal (construed as motions for summary judgment). The Carmack and Millan cases are factually and legally indistinguishable from the case before the court.

4 - FINDINGS AND RECOMMENDATION

I find that plaintiff's unsupported contentions in this case are insufficient to create a material issue of fact concerning the existence of an arbitration and amendment provision in the original Cardmember agreement.

Plaintiff's claim that he never received the October 2003 notice amending the arbitration agreement is also unsupported. Defendant, however, has provided evidence that Chase mailed the Notice of Change in Terms containing the amended arbitration agreement (the "Notice") to plaintiff on or about October 24, 2003, and recorded the mailing in its computer records for plaintiff's account. [3]   The Notice provided plaintiff an opportunity to reject the arbitration agreement (and other changes contained in the Notice) by providing Chase with a written notice of rejection by December 26, 2003.  The Notice of Change in Terms also provided that plaintiff would be deemed to have accepted the new terms if he used the account after January 1, 2004, regardless of whether or not he sent a notice to Chase rejecting the terms.  Herrera Declaration (#31) paragraph 10, Exhibit 3.

---

[3]The Notice was part of a portfolio-wide rollout defendant's predecessor performed which amended the then-existing arbitration provision to broaden the choice of arbitration forums, among other changes.

Chase's records establish that Chase did not receive any returned mail indicating that the Notice was returned as undeliverable or that plaintiff notified Chase of his refusal to accept the amendments.  Either the returned mail or a notice of the opt-out would have been recorded in the system notes for plaintiff's account, and the opt-out letter would have been imaged and preserved as part of the Account records. Plaintiff continued to use the Account after the effective date of the Notice, which signified his acceptance of the amendments.  Herrera Declaration (#31), paragraph 12. Proof of mailing of the notice is reflected and recorded in Chase's computerized records, which confirm that it was mailed to plaintiff on or after October 24, 2003.  Id., paragraph 9, Exhibit 8.

Evidence of a proper mailing gives rise to a rebuttable presumption of receipt.  <u>Kurtz v. Chase Manhattan Bank USA, N.A.</u>, 319 F. Supp2d. 457, 463 (S.D.N.Y. 2004).  Plaintiff has not offered any evidence to rebut the presumption in this case other than his unsupported statement that he did not receive the Notice.  Plaintiff's "mere assertion" is insufficient to rebut defendant's evidence that a notice was sent and received.  <u>See</u>, <u>Edelist v. MBNA America Bank</u>, 790 A.2d 1249,

1258 (Del. Super. Ct. 2001).

An arbitration award must be confirmed under the Federal Arbitration Act unless "the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. 9 U.S.C. § 9. There are four grounds to vacate or correct an arbitration award under sections 10 and 11: (1.) fraud in the procurement of the agreement; (2) arbitrator corruption; (3) arbitrator misconduct or exceeding of powers; and (4) corrections of material miscalculations, exceeding f powers or imperfection of form. G.C.and K.B. Investments, Inc. v. Wilson, 326 F.2d 1096, 1104 (9 th Cir. 2003); see also, Poweragent, Inc. v. Electronic Data Systems Corp., 358 F.3d 1187, 1193 (9th Cir. 2004).

Plaintiff has failed to plead or establish any of the grounds for vacating the arbitration award in this case. Plaintiff simply denies that the Cardmember Agreement contained an arbitration provision and claims that he did not receive notice of the change in terms amending the agreement. However, as discussed above, I find that there are no genuine issue of fact that the original Cardmember Agreement contained an arbitration provision that provided that disputes would be resolved by the National Arbitration Forum and that

7 - FINDINGS AND RECOMMENDATION

the 2003 amendment sent to plaintiff also provided for arbitration before the National Arbitration Forum (or two alternative arbitration services).    Therefore, defendant did not breach its contract with plaintiff by arbitrating plaintiff's payment default.

I find that there are no genuine issues of material fact remaining in this case and that defendant is entitled to judgment as a matter of law 1.) dismissing plaintiff's breach of contract claim, and 2.) on its counter-claim to affirm and enforce the arbitration award. Defendant's Motion for Summary Judgment (# 28) should be allowed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right

8 - FINDINGS AND RECOMMENDATION

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 28 day of October, 2008.

_____
Thomas M. Coffin
United States Magistrate Judge