FILED '09 APR 29 11:32 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRUCE TUERS,                          )
                                      )
            Plaintiff,                )    Civil No. 07-6120-TC
                                      )
      v.                              )    FINDINGS & RECOMMENDATION
                                      )
CHASE MANHATTAN BANK USA,             )
                                      )
                                      )
                                      )
            Defendant.                )

COFFIN, Magistrate Judge:

  Plaintiff filed a claim in state court alleging Truth in Lending Act violations and breach of contract. Defendant removed the case here and filed a counterclaim to affirm and enforce an arbitration award defendant was previously awarded. Defendant's motion for summary judgment was granted in its entirety with plaintiff's claims dismissed and defendant prevailing on its counterclaim to enforce and affirm the arbitration award.

  Presently before the court are defendant's motion(#46) for attorney fees and defendant's bill of costs(#49).

## Legal Background

In determining a reasonable attorney's fee, the court's first step is to calculate a "lodestar" by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable rate. McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995) (citation omitted). The court should exclude hours that were not "reasonably expended." Id. In determining what constitutes a reasonable fee, the district court should take into account the Kerr[1] factors that it finds to be relevant. Id. The second step in the fee calculation is to assess whether the presumptively reasonable lodestar figures should be adjusted on the basis of the Kerr factors not already subsumed in the initial calculation. Id.

Defendant, as the party seeking fees, has the burden of showing that time spent by his attorneys was reasonably necessary. Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness the party must document the hours spent in the litigation and provide evidence supporting those hours. Gates, 987 F.2d at 1397. Plaintiff, as the party opposing the fees, must then rebut plaintiff's evidence by "challenging the accuracy and reasonableness of the hours charged or

---

[1] Set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975).

the facts asserted by the prevailing party in its submitted affidavits." Id. at 1397-98.

In deciding what constitutes a reasonable hourly fee, the court must look to the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). These rates are set by determining what a lawyer of comparable skill, experience and reputation could command in the relevant legal community. Id. The fee applicant must "produce satisfactory evidence, in addition to the attorney's own affidavits, that the requested rates are prevailing market rates under this standard. Id.

In determining the reasonableness of fees, the district court is not required to respond to each specific objection. Gates 987 F.2d at 1400. Rather, all that is required is a "concise but clear" explanation of reasons for the fee award. Id.

## DISCUSSION

Defendant has demonstrated that it is entitled to reasonable attorney fees and costs in the circumstances of this case pursuant to a cardmember agreement between the parties. This court previously held that the cardmember agreement was received by plaintiff. Defendant has demonstrated that the fees requested were incurred while attempting to enforce defendant's rights under the agreement, namely to defend plaintiff's attempt to avoid paying his bill and to confirm the arbitration award obtained pursuant to the terms of the same agreement.

Defendant expressed to plaintiff and this court very early in the litigation that Carmack v. Chase Manhattan Bank, 521 F. Supp. 2d 1017 (N.D. Cal. 2007) was a case very similar to the present case and

3 - FINDINGS AND RECOMMENDATION

that it indicated that plaintiff's present case had no merit. As plaintiff was pro se, the court requested defendant to send plaintiff a copy of the case and explain the similarities between plaintiff's claims and the claims of the unsuccessful plaintiff in <u>Carmack</u> - similarities that this court also ultimately noted in its Findings and Recommendation for the motion for summary judgment. The letter also warned plaintiff that under the cardmember agreement, defendant would be entitled to fees and costs if defendant prevailed. Defendant also gave plaintiff an opportunity to dismiss his claims without incurring liability for fees.

Plaintiff did not dismiss. As a result, defendant incurred fees for a motion to compel, a response to plaintiff's motion to amend, a motion for summary judgment on plaintiff's complaint and defendant's counterclaim to confirm the previous arbitration award, and a reply to plaintiff's opposition to the motion for summary judgment. After this court recommended the granting of defendant's motion for summary judgment, plaintiff filed objections. Defendant filed a response to such objections and the Findings and Recommendation was adopted by the District Court in its entirety.

Defendant then filed its motion for attorney fees and bill of costs. Plaintiff did not respond. This court entered an order directing plaintiff to make a filing that either conceded or opposed defendant's motion for fees and bill of costs. This court's order to plaintiff warned that a failure to respond to the court's order would result in the full or partial granting of defendant's motion for fees and bill of costs, and that plaintiff would be responsible for the payment of attorney fees and costs. See #52. Plaintiff did not respond to this court's order.

4 - FINDINGS AND RECOMMENDATION

Defendant's motion for fees in the amount of $24,931.94 and costs in the amount of $432.50 should be allowed. Defendant has met its burden of showing that the time spent by its attorneys was reasonably necessary and at reasonable rates. See affidavit of Farrell and attached exhibits (#48). All the Kerr factors have been considered, and, moreover, the fees are reasonable in relation to the success achieved. Defendant's bill of costs is also reasonable and appropriate. See bill of costs (#50) and affidavit of Farrell (#51). In addition, the fees and costs should be allowed due to plaintiff's failure to follow this court's order(#52).

## CONCLUSION

Defendant's motion(#46) for attorney fees and defendant's bill of costs(#49) should be allowed and defendant should be awarded $24,931.94 in fees and $432.50 in costs.

DATED this 29 day of April, 2009.

THOMAS M. COFFIN
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION